**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF OKLAHOMA**

| | |
|---|---|
| **UNITED STATES OF AMERICA,**<br><br>　　　　　　　　**Plaintiff,**<br><br>v.<br><br>**250,000 FILLED BOTTLES OF LIQUID PRODUCT,** *more or less, of finished product, containing kratom, labeled in part:* *"Botanic Tonics Feel Free Plant Based Herbal Supplement,"*<br>**1.5 TANKS OF LIQUID PRODUCT,** *more or less, containing kratom*,<br>**1,200 CARTONS OF CAPSULES,** *more or less, of kratom, labeled in part:* *"Botanic Tonics Feel Free Plant Based Herbal Supplement,"*<br>**UNDERDETERMINED QUANTITIES OF BULK POWDER KRATOM,** *labeled in part:* *"Green Nano,"*<br>**ALL OTHER QUANTITIES OF THE AFORESAID ARTICLES OF FOOD,** *with any lot number and in any size or type container that are labeled or otherwise appear to contain, or are, kratom, located at 13105 East 61st Street, Suites A&B Broken Arrow, Oklahoma 74012-1191,*<br><br>　　　　　　　　**Defendant Articles,**<br><br>**BOTANIC TONICS, LLC**<br><br>　　　　　　　　**Claimant.** | Case No. 23-CV-168-GAG-CDL |

**OPINION AND ORDER**

Before the Court is a Motion to Dismiss the Government's First Amended Verified Complaint ("Motion") filed by Claimant Botanic Tonics, LLC ("Botanic Tonics"). Dkt. No. 12. For the following reasons, Botanic Tonics' Motion [Dkt. No. 12] is DENIED.

## FACTUAL BACKGROUND

Taking Plaintiff's allegations as true and construing them in the light most favorable to Plaintiff, as it must at this stage, the Court briefly recounts the Government's allegations. In 2022, Botanic Tonics, a business located at 13105 East 61st Street, Suite A&B, Broken Arrow, Oklahoma 74012-1191 (the "Premises"), became the subject of an investigation by the United States Food and Drug Administration (the "FDA") for possible violations under the Federal Food, Drug, and Cosmetic Act, 21 U.S.C. §§ 301, *et seq.*, (the "Act") involving the use of kratom. Dkt. No. 9 at 4 (citing). Kratom is a plant categorized as a new dietary ingredient under the Act. *Id.* Pursuant to the Act, new dietary ingredients are prohibited from introduction or delivery for introduction into interstate commerce where there is inadequate information to provide reasonable assurance that the ingredient does not present a significant or unreasonable risk of illness or injury. *Id.* (citing 21 U.S.C. §§ 331(a), 342(f)(b)).

The Government alleges that "[s]erious safety concerns exist regarding the effect of kratom on multiple organ systems," which "can lead to a number of negative health impacts, including respiratory depression, vomiting, nervousness, weight loss, and constipation." Dkt. No. 9 at 5. Further, the Government alleges that consumption of kratom has "been linked to neurologic, analgesic and sedative effects, addiction, and liver toxicity." *Id.* The Government also alleges that the major compound found in kratom has been reported as a partial opioid agonist, which produces effects similar to morphine, and a minor compound found in kratom has been reported to be even more potent than morphine. *Id.* It is further alleged that these compounds can have significant effects on cognition in humans and have the potential for abuse and withdrawal symptoms. *Id.*

As part of its investigation, the FDA conducted an inspection of the Premises between October 17 and November 17, 2022. *Id.* During the inspection, FDA investigators observed large quantities of products, including bottles labeled as "Feel Free Plant Based Herbal Supplement," characterized as dietary supplements and as containing kratom. *Id.* Additionally, the FDA observed large quantities of bulk kratom powder, which was used by Botanic Tonics to manufacture its dietary supplements. Dkt. No. 9 at 4.

In January 2023, the FDA documented Botanic Tonics' Facebook account, which advertised packages of "Feel Free Plant Based Herbal Supplement" capsules for sale. *Id.* The FDA then made a purchase of the capsules in February 2023 from Botanic Tonics' website, https://botanictonics.com. *Id.* The FDA received the purchased capsules in March 2023 and confirmed that the product was labeled as a dietary supplement and as containing kratom. *Id.*

On April 26, 2023, the FDA conducted another inspection of the Premises. *Id.* Again, the FDA investigators observed large quantities of products, including bottles labeled as "Feel Free Plant Based Herbal Supplement," characterized as dietary supplements and as containing kratom, as well as large quantities of bulk kratom powder used to manufacture its dietary supplements. Dkt. No. 9 at 5.

**PROCEDURAL BACKGROUND**

The Government filed its first complaint thereby initiating this civil forfeiture action on April 26, 2023. Dkt. No. 2. The complaint sought forfeiture of certain articles ("Defendant Articles"), which the Government alleges are in violation of the Act, 21 U.S.C. § 301 *et seq. Id.* The same day it filed the complaint, the Government also filed an emergency application for warrant to arrest *in rem* the Defendant Articles located at the Premises. Dkt. No. 4. This Court referred the application for warrant to the magistrate judge and a warrant was issued that day. Dkt.

Nos. 5, 6, 7. On May 10, 2023, the Government filed its First Amended Complaint ("Amended Complaint"). Dkt. No. 9. The Amended Complaint more fully set forth and described the Defendant Articles and further confirmed that the warrant was executed on the Defendant Articles on April 26, 2023.[1] *Id*. at 2-3.

On May 17, 2024, Botanic Tonics filed a claim declaring its interest in the Defendant Articles. Dkt. No. 11. Botanic Tonics also filed the instant Motion seeking to dismiss the Amended Complaint pursuant to Federal Rule of Civil Procedure Supplemental Rule G(8)(b)(i) and Federal Rule of Civil Procedure Rule 12(b)(6). Dkt. No. 12 at 2. Specifically, Botanic Tonics argues that the Amended Complaint must be dismissed because it fails to state a claim in two respects. First, Botanic Tonics argues that the Amended Complaint fails to state a claim because it does not refer to a statute which would permit the introduction of the Defendant Articles into interstate commerce, despite kratom's status as a new dietary ingredient, under certain circumstances prescribed by the Act. Second, Botanic Tonics argues that the Amended Complaint

---

[1] The Amended Complaint more fully sets forth that the Defendant Articles consist of:
  a) 59 pallets and four partial pallets said to contain 225,048 bottles, each bottle filled with 2oz of liquid finished product containing kratom;
  b) 1 partial pallet said to contain 616 bottles of 90 count capsules of finished product containing kratom;
  c) 1,237 cartons each said to contain 72 count capsules of finished product containing kratom;
  d) Contents of 1 full tank of in-process liquid product containing kratom said to contain an estimated volume sufficient to fill 125,000 bottles with 2oz each of liquid finished product containing kratom;
  e) 2 mixed pallets of 3 finished products containing kratom that were packaged with shipping labels ready for distribution containing: 2oz liquid; 90 count capsules bottles; and 72 count capsules cartons; and
  f) 65 cases said to contain, in total, 1,300 kg of bulk power kratom.

Dkt. No. 9 at 2.

fails to state a claim because it does not provide sufficient facts and, further, "does not cite to or reference any scientific data, studies or reports" in support of its factual assertions. *Id*. at 2-3.

The Government filed a response in opposition on June 7, 2023. Dkt. No. 19. Botanic Tonics filed a reply brief on June 21, 2023. Dkt. No. 23. The Motion has been fully briefed and is now ripe for ruling.

## ARGUMENT AND AUTHORITY

In a civil forfeiture proceeding, both the generally applicable Federal Rules of Civil Procedure and the Supplemental Rules for Admiralty or Maritime Claims and Asset Forfeiture Actions, specifically applicable to *in rem* proceedings, apply. *United States v. $39,000 in Canadian Currency*, 801 F.2d 1210, 1215 (10th Cir. 1986) (stating that the Supplemental Rules for Certain Admiralty and Maritime Claims are part of the Federal Rules of Civil Procedure and apply to actions *in rem*, like civil forfeitures). The general Rules and the Supplemental Rules each set forth certain pleading standards. *See* Fed. R. Civ. P. 8(a)(2); Fed. R. Civ. P. Supp. G(2). While the Tenth Circuit has not yet considered the interplay between the two standards, other federal district courts have applied the standard set forth in the Supplemental Rules, rather than the standard set forth in the general Rules, within the context of *in rem* proceedings. *United States v. 15607 E. Girard Place, Aurora, Colorado*, No. 1:20-CV-00304-RM-KLM, 2021 WL 4264065, at *4–5 (D. Colo. Sept. 20, 2021) (citing Supplemental Rule A(1)(B); *United States v. $ 8,221,877.16 in U.S. Currency*, 330 F.3d 141, 152 (3d Cir. 2003); *United States v. $134,972.34 Seized from FNB Bank, Acct. No.-5351*, 94 F. Supp. 3d 1224, 1229-30 (N.D. Ala. 2015); *United States v. 4323 Bellwood Circle, Atlanta, Ga 30349*, 680 F. Supp. 2d 1370, 1372 (N.D. Ga. 2010); *United States v. $22,173.00 in U.S. Currency*, 716 F. Supp. 2d 245, 249 (S.D.N.Y. 2010)). This Court agrees that the Supplemental Rules specifically apply to "forfeiture actions in rem arising from a federal

statute." Fed. R. Civ. P. Supp. R. A(1)(B), G(1).  The Court further agrees with other district courts that applying the general Rule rather than the Supplemental Rule would seem to defeat the purpose of the Supplemental Rule.  Therefore, for purposes of assessing the Amended Complaint here, the Court finds that the pleading standard set forth in Supplemental Rule G(2) governs.

Pursuant to Fed. R. Civ. P. Supp. G(2), a civil forfeiture complaint must:

(a) be verified;
(b) state the grounds for subject-matter jurisdiction, in rem jurisdiction over the defendant property, and venue;
(c) describe the property with reasonable particularity;
(d) if the property is tangible, state its location when any seizure occurred and – if different – its location when the action is filed;
(e) identify the statute under which the forfeiture action is brought; and
(f) state sufficiently detailed facts to support a reasonable belief that the government will be able to meet its burden of proof at trial.

Fed. R. Civ. P. Supp. G(2).  As noted above, Botanic Tonics' Motion appears to take issue with subparts (e) and (f).

First, Botanic Tonics argues that to sufficiently state a claim, the Amended Complaint must identify and address 21 U.S.C. § 350(b).  Dkt. No. 12 at 8.  Section 350(b) provides certain exceptions to when a dietary supplement containing a new dietary ingredient is deemed "adulterated" under 21 U.S.C. § 342(f).  *Id*.  Botanic Tonics argues that the Government "must show that none of these situations apply in order to meet its burden." *Id*. at 9.  Because the Amended Complaint does not address the exceptions listed in § 350(b), Botanic Tonics argues that the Government has not met its "burden of proving that [the Defendant Articles are] adulterated" and, therefore, the Amended Complaint does not properly state a claim upon which relief can be granted and must be dismissed.  *Id*. at 10.

6

The pleading standard set forth in the Supplemental Rule requires the Government to "identify the statute under which the forfeiture action is brought." Fed. R. Civ. P. Supp. G(2)(e). The Government has done just that. The Amended Complaint alleges that the Defendant Articles are dietary supplements and dietary ingredients within the definitions of 21 U.S.C. §§ 321(ff) and 321(ff)(1). Dkt. No. 9 at 6. The Government further alleges that the Defendant Articles are adulterated within the meaning of 21 U.S.C. § 342(f)(1)(B), in that they contain or are a new dietary ingredient for which there is inadequate information to provide reasonable assurance that it does not present a significant or unreasonable risk of illness or injury. *Id*. The Government further alleges that the Defendant Articles are being introduced or delivered for introduction into interstate commerce which, because the Defendant Articles are adulterated under the Act, is prohibited by 21 U.S.C. § 331(a). *Id*. Plainly, the Government has identified the statute under which the forfeiture action is brought: 21 U.S.C. § 331(a).

The statute Botanic Tonics refers to—21 U.S.C. § 350(b)—will certainly be relevant for subsequent proceedings as Botanic Tonics will, no doubt, argue that the Defendant Articles fall outside the definition of adulterated because they fall within the exceptions set forth in § 350(b). However, Botanic Tonics' contention that the Government must plead and prove that the Defendant Articles do not fall within the exceptions listed in § 350(b) at this stage in the case is incorrect and, therefore, this argument fails. *Robbins v. Okla. Ex. Rel. Dep't of Human Servs.*, 519 F.3d 1242, 1247 (10th Cir. 2008) (emphasizing that "a judge ruling on a motion to dismiss must accept all allegations as true and may not dismiss on the ground that it appears unlikely the allegations can be proven.").

Next, Botanic Tonics argues that the Amended Complaint must be dismissed because it does not sufficiently state enough facts to support a reasonable belief that the Government will be

7

able to meet its burden of proof at trial. The "reasonable belief" standard set forth in Fed. R. Civ. P. Supp. G(2)(f) is indeed than the higher than the general pleading standard set forth in Fed. R. Civ. P. 8(a)(2), which requires only "a short and plain statement of the claim showing that the pleader is entitled to relief." However, there nonetheless remains a difference between the requirements for sufficient pleading under Rule G(2)(f) and the ultimate sufficiency of proof required at trial. Other district courts examining the pleading requirement under Rule G(2)(f) have noted that:

> The Government is not required to allege in the complaint all of the facts and evidence at its disposal. It is sufficient for the Government to simply plead enough facts for the claimant to understand the theory of forfeiture, to file a responsive pleading, and to undertake an adequate investigation. The issue is one of pleading, not proof at trial. And it is for this reason that no complaint may be dismissed on the ground that the Government did not have adequate evidence at the time the complaint was filed to establish the forfeitability of the property.

*$22,173.00 in U.S. Currency*, 716 F. Supp. 2d at 248-49 (citation modified); 18 U.S.C. § 983(a)(3)(D). In other words, it is enough for the Government to state facts which, if proven at trial, would meet its ultimate burden of proof at trial. It is not, however, required to actually prove those facts at the pleading stage. Rule G(2)(f), likewise, does not require that the Government refer or cite to scientific data, studies, or reports in the Amended Complaint. Rather, Rule G(2)(f) requires that the Amended Complaint make factual assertions, beyond those of a simple notice pleading, which support a reasonable belief that it will be able to meet its burden of proof at trial.

      The Court finds that the Government has satisfied the requirement of Rule G(2)(f) here where it has listed the specific symptoms, complications, and consequences that can occur as a result of kratom consumption, as well as the specific organs and bodily systems affected. The Court finds that this is sufficient for Botanic Tonics to understand the Government's theory of forfeiture, to file a responsive pleading, and to undertake an adequate investigation. Most

importantly, the Court finds that these detailed facts support a reasonable belief that, if proven, the Government would be able to successfully meet its burden. For these reasons, the Amended Complaint survives, and Botanic Tonic's Motion must be denied.

## CONCLUSION

IT IS THEREFORE ORDERED that Claimant Botanic Tonics, LLC's Motion to Dismiss [Dkt. No. 12] is DENIED.

Dated this  10  day of December 2025.

                                                                                          s/ Gustavo A. Gelpi
                                                                                       GUSTAVO A. GELPÍ
                                                                                       UNITED STATES CIRCUIT JUDGE
                                                                                       Sitting by designation